United States District Court
Southern District of Texas
**ENTERED**
November 09, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENT VU PHAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-3670 |
| | § | |
| JUDGE ANDREW S. HANEN and | § | |
| MAGISTRATE JUDGE SAM SHELDON, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Kent Vu Phan, has filed a Complaint and Jury Demand ("Complaint") (Docket Entry No. 1) and Plaintiff's Amended Complaint Pursuant to Court Order on 09/29/2023 ("Amended Complaint") (Docket Entry No. 6) alleging violations of his civil rights. Because he proceeds in forma pauperis, the court is required to scrutinize the pleadings and dismiss the case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Phan is a resident of Houston, Texas, who underwent spinal fusion surgery in 2020 at the Aurora Medical Center in Colorado.[1] Phan explains that he suffered a disabling back injury as the result of an accident that occurred in 2012.[2] He appears to claim that his spine was further damaged during the subsequent surgery and that State Farm Insurance, American Family Insurance, and physicians at the Aurora Medical Center retaliated against him for unspecified reasons by depriving him of adequate medical care.[3] He alleges further that he has been denied adequate pain medication by treatment providers in the Houston area.[4]

Phan sues District Judge Andrew S. Hanen and Magistrate Judge Sam Sheldon of the United States District Court, Houston Division.[5] He alleges that these judges violated his civil rights by dismissing a previous lawsuit that he filed regarding mistreatment by physicians at Aurora Medical Center and other medical

---

[1]Amended Complaint, Docket Entry No. 6, pp. 3, 5-6. For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2]Id. at 6.

[3]Id.

[4]Id.

[5]Id. at 5.

providers.[6] He accuses Judge Hanen and Magistrate Judge Sheldon of corruption and he seeks $7,500,000.00 in damages.[7]

## II. Discussion

Court records reflect that Phan filed a lawsuit against the Aurora Medical Center of Colorado, Dr. Colin Buchanan, Dr. Allen Dorsett, and Go Imaging MRI in Civil Action No. H-22-4036 (S.D. Tex.). On May 23, 2023, Judge Sheldon issued a Memorandum and Recommendation, which recommended granting the defendants' motions to dismiss and declaring Phan a vexatious litigant, noting that Phan has an extensive history of filing frivolous lawsuits. See Memorandum and Recommendation, Civil Action No. H-22-4036, Docket Entry No. 51, p. 8 (referencing Phan's litigation history set forth in Phan v. Nat'l Jewish Health, No. 17-CV-02353-GPG, 2018 WL 10425416, at *1-2 (D. Colo. July 31, 2018), aff'd, 762 F. App'x 502 (10th Cir. 2019) and Vu Phan v. State Farm Ins. Co., No. 17-CV-03073-GPG, 2018 WL 10425417, at *1-2 (D. Colo. July 31, 2018), aff'd sub nom. Phan v. Colorado Legal Servs., 769 F. App'x 520 (10th Cir. 2019)).

On June 29, 2023, Judge Hanen adopted the Memorandum and Recommendation and dismissed Phan's case with prejudice. See Order Adopting Memorandum and Order, Civil Action No. H-22-4036, Docket Entry No. 57, p. 2. Judge Hanen also agreed that Phan was a vexatious litigant and entered the following preclusion order:

---

[6] Id. at 4, 7, 8.

[7] Id. at 8.

-3-

> [It is] ORDERED that before Plaintiff can file any further pleadings with this Court, he must seek, in writing, permission from the Miscellaneous District Judge on duty for the month in which the filing would be made. The Clerk's Office will accept no further pleadings from Plaintiff without the permission of the sitting Miscellaneous District Judge.

Id.; see also In re Kent Vu Phan, Miscellaneous Case No. H-23-1071 (S.D. Tex.) (Docket Entry No. 2) (documenting for administrative purposes the preclusion order entered in C.A. No. H-22-4036).

Phan requested leave to proceed in forma pauperis in this case, which was conditionally granted by the district judge presiding over the miscellaneous docket when that request was filed. See Phan v. Hanen, Miscellaneous Case No. H-23-1584 (S.D. Tex. Sept. 26, 2023) (Order to Proceed Without Prepaying Fees or Costs, Docket Entry No. 2). However, Phan did not request permission before filing this lawsuit as required by the preclusion order entered against him, and this court declines to grant it.

It is well established that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). The doctrine of absolute judicial immunity protects judges from suit, not just from liability for damages. See Mireles v. Waco, 112 S. Ct. 286, 288 (1991). Because Phan takes issue with rulings made in his previous lawsuit, Judge Hanen and Magistrate Judge Sheldon are entitled to immunity; and the claims against them must be dismissed for this reason pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, Phan's conclusory allegations of corruption are spurious and malicious. Although pro se pleadings are typically reviewed with leniency, courts need not "'allow liberal pleading rules and pro se practice to be a vehicle for [presenting] abusive documents.'" Barfield v. Hunt Petroleum Corp., 389 F. App'x 332, 334 (5th Cir. 2010) (per curiam) (quoting Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978)); see also Bitara v. Texas, 197 F. App'x 329, 330 (5th Cir. 2006) (per curiam) ("Baseless allegations against the judiciary will not be tolerated."). The fact that Phan proceeds pro se "does not give him carte blanche to employ intemperate and abusive language or to engage in ad hominem attacks on federal judges." Fleming v. United States, 162 F. App'x 383, 386 (5th Cir. 2006) (per curiam).

This case is further evidence that Phan qualifies as a vexatious litigant, underscoring the need for a preclusion order. See Newby v. Enron Corp., 302 F.3d 295, 302 (5th Cir. 2002) ("[F]ederal courts [] have the inherent power to impose sanctions against vexatious litigants."). Phan's continued abuse of judicial resources invites additional sanctions. Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). For this additional reason, Phan's case will be dismissed with prejudice as frivolous and malicious.

## III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. This civil action filed by Kent Vu Phan is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

2. The Order for Conference and Disclosure of Interested Parties entered on September 29, 2023 (Docket Entry No. 2), setting this case for an initial scheduling conference, is **VACATED**.

3. Plaintiff's Motion to Extend the Timely Reply to the Order By Court on 09/29/23 and More .... (Docket Entry No. 5) is **DENIED AS MOOT**.

4. The court **CERTIFIES** that any appeal from this decision is not taken in good faith and that the plaintiff is not eligible to proceed in forma pauperis. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

5. Plaintiff is **WARNED** that he may face additional sanctions, including monetary penalties, if he continues to abuse scarce judicial resources by submitting frivolous filings.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 9th day of November, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE